United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-50873
Summary Calendar

SALOME FIERROS,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF HEALTH,

Defendant - Appellee.

Appeal from the United States District Court for
the Western District of Texas, San Antonio
5:03-CV-202

Before REAVLEY, WIENER, and DEMOSS, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Salome Fierros appeals from the district court's summary

judgment dismissing her Title VII retaliation claim against her employer, the Texas

Department of Health ("TDH"). Reviewing the record de novo and applying the same

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

standard as the district court, we affirm for the following reasons:

1.  To establish a prima facie case of retaliation under Title VII, an employee must demonstrate that: (1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action  Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 348 (5th Cir. 2007).  Fierros has failed to raise a genuine issue of material fact sufficient to meet the third element of this showing.

    Fierros has produced no evidence that her 1997 charge of discrimination and the resulting 1999 lawsuit were causally related to her receiving extra paid leave in lieu of a recommended merit pay increase in June 2001.  In addition to the lack of temporal proximity between the events, there is no evidence that Fierros was singled out for such a non-monetary merit award.  All employees paid from the same budget as Fierros who were recommended for merit pay increases received leave instead, TDH citing a budget shortfall.  There is likewise no evidence that Fierros was singled out for placement within the deficient budget.  Further, Fierros received reclassifications with significant pay increases both before and after the merit award, each increase substantially more than the merit raise she would have received had there been funds in the budget in 2001.

2.  Additionally, the alleged $300.00 reduction in pay Fierros asserts as a

secondary retaliatory act immediately following her December 2001 charge of discrimination is belied by the record evidence. In the earnings statement summary table first presented in her response to TDH's motion for summary judgment and then reproduced in appellant's brief, Fierro erroneously cites her $2,101 regular pay from her January 2002 earnings statement, rather than her total salary (including benefit replacement and longevity pay) as cited for previous months. Fierro's total salary for January 2002 was $2,415.01, which is in keeping with the $2,421 from the prior month.

3. Finally, we agree with the district court that, even if Fierros had met the prima facie elements of a retaliation claim, she could not survive the remainder of the McDonnell-Douglas burden-shifting analysis. TDH produced a legitimate non-discriminatory reason for awarding Fierros paid leave rather than a merit raise: a budget shortfall resulting in identical treatment of all similarly-situated employees. Fierros offers no evidence that TDH's stated reason for its employment action was a pretext for discriminatory animus.

AFFIRMED.